Contracts; fixed-price contract; additional work ordered; damages re acmsation of fraud; transfer of case to district court, — Oh December 13,1972, the court entered the following order:
The case comes before the court on defendant’s motion, filed September 7,1972, for summary judgment, having been con *743 sidered, together with the opposition thereto, without oral argument. The suit is brought under a fixed price contract for the repair and alteration of defendant’s vessels. Defendant is alleged to have ordered additional work but to have refused to negotiate payment for the same under the standard Changes and Disputes clauses. Plaintiff further alleges that defendant has wrongfully barred plaintiff from bidding on other government contracts, making false accusations of fraud. Plaintiff further alleges that defendant has sued the plaintiff in the United States District Court for the District of Nevada on grounds of alleged conspiracy to defraud the Government by submitting false and fraudulent invoices, but plaintiff cannot counterclaim therein because the claim exceeds $10,000. Besides the alleged change orders not paid for under the contract, plaintiff claims $1,000,000 for general injury to business caused by its debarment and $80,000 cost of defending the Nevada suits. Defendant has moved for summary judgment on grounds other than the maritime nature of the contract.
The court is of the opinion that if the contract- was for repair and alteration of vessels it was a maritime contract, and the United States could be sued on it including change orders thereunder, only in a United States District Court and not here. 46 U.S.C. § 742. Buck Kreihs Co. v. United States, 192 Ct. Cl. 297, 427 F. 2d 770 (1970).
The court also is of the opinion that the claims, except on the alleged change orders, are not maintainable against the United States. Algonac Mfg. Co. v. United States, 192 Ct. Cl. 649, 428 F. 2d 1241 (1970).
it is therefore ordered that the petition, so far as it asserts claims, except on the alleged change orders, be and the same is dismissed. •
it is further cohcluded; with respect to the change order claims, that the court is of the opinion that such claims could possibly be transferred to the United States District' Court under 28 U.S.C. § 1506. If either party is of the opinion that this court has jurisdiction of the change order claims, it may file a supplemental brief so showing within 30 days from the *744 date of this order. Motions to transfer to a United States District Court, within such 30 day time, will also be entertained.
BY THE COURT
(Sgd) WILSON CoWEN Chief Judge